**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1475
_____

OMAR VACARO CARGOSO
a.k.a. Omar Vaquero Cardoso,
                                                Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA
_____

On Petition for Review of an
Order of the Board of Immigration Appeals
(Agency No. A077-937-545)
Immigration Judge: Jason L. Pope
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 16, 2023

Before: CHAGARES, *Chief Judge*, MATEY and FUENTES, *Circuit Judges*.

(Filed: November 29, 2023)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Omar Vacaro Cargoso petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his untimely motion to reopen his withholding-only proceedings due to the ineffective assistance of his prior counsel. For the reasons that follow, we will deny the petition for review.

**I.**

Because we write solely for the parties, we recite only the facts necessary to our disposition. Cargoso, a Mexican citizen, arrived in the United States as a minor in 1995 after the gang Los Vatos Locos tried to recruit him. In February 2001, Cargoso was ordered removed to Mexico. About a month later, Cargoso left Mexico and returned to the United States.

In December 2018, the Department of Homeland Security reinstated the February 2001 removal order. Because Cargoso expressed a fear of persecution upon returning to Mexico, he was referred to an asylum officer for a reasonable fear interview pursuant to 8 C.F.R. § 208.31(b). The asylum officer concluded that Cargoso did not have a reasonable fear of persecution in Mexico.

Thereafter, Cargoso requested review of the negative reasonable fear determination by an Immigration Judge ("IJ"). In March 2019, the IJ found that Cargoso had established a reasonable fear of persecution, vacated the decision of the asylum officer, and referred the matter to "withholding-only" proceedings pursuant to 8 C.F.R. § 1208.31(g)(2).

Cargoso subsequently applied for withholding of removal under the Immigration and Naturalization Act ("INA") and for protection under the Convention Against Torture

("CAT"). In his application, Cargoso asserted that he feared he would be killed or tortured by Los Vatos Locos because they had threatened him in the past, had extorted his father, and had killed several of his family members. Cargoso also argued, *inter alia*, that his life or freedom was threatened on account of his membership in three particular social groups ("PSGs"): (1) "males of the Vaquero Cardoso family who have been the victims of repeated criminal attacks, including extortion and murder, at the hands of the Vatos Locos gang"; (2) "males who refuse to join the criminal gang of Vatos Locos"; and (3) "Mexican adult males who have already lost male family members to gang violence and are more vulnerable to gang violence themselves."[1]

In July 2019, following a hearing, the IJ denied Cargoso's application for withholding of removal and protection under CAT. The IJ determined that Cargoso did not suffer harm rising to the level of past persecution and that he was not eligible for withholding of removal because the PSG he proposed—"males of the Vaquero Cardoso family who have been victims of repeated attacks, including extortion and murder by the gang Los Vatos Locos"[2]—was not legally cognizable. Cargoso asserts that, at this hearing, he received ineffective assistance from counsel;[3] accordingly, he retained new counsel in July 2019.

---

[1] A.R. 636–41.

[2] A.R. 230, 636.

[3] Specifically, Cargoso claims that, during the hearing, his attorney "could not answer basic questions about [his] case that the Immigration Judge was questioning" and "failed to define[] and explain 'Particular Social Group' on [his] asylum claim." A.R. 108–09. According to Cargoso, she also "failed to submit documents on time that resulted in key witnesses[es] not being able to testify." *Id*. at 108.

In December 2019, the BIA dismissed Cargoso's appeal. And, in April 2021, we dismissed Cargoso's petition for review for lack of jurisdiction because, on appeal to this Court, Cargoso had proposed a new PSG—"males of the Vaquero Cardoso family"—that was not first presented to the BIA.[4]

Then, in June 2022, Cargoso filed a motion to reopen his withholding-only proceedings based on the ineffective assistance of his prior counsel—specifically, "[his] prior counsel's failure to properly articulate the particular social group as part of [his] claim for relief."[5] But ordinarily, a motion to reopen must be filed within 90 days of the entry of a final administrative order in the proceedings sought to be reopened,[6] which had long passed by then. Cargoso did not dispute that his motion to reopen was filed well after the deadline, but he also did not seek equitable tolling of that deadline, nor did he explain why it took him so long to seek reopening. Instead, he argued only that reopening was warranted because he was prejudiced by the alleged ineffective assistance of his prior counsel.

In February 2023, the BIA denied Cargoso's motion to reopen, finding: (1) that the motion was untimely because it was not filed within 90 days of the entry of a final administrative order; (2) that Cargoso had not claimed or established that equitable tolling of the filing deadline was warranted; and (3) that reopening was not warranted because, even assuming his motion was deemed timely, Cargoso had not met the procedural

---

[4] *Cargoso v. Att'y Gen.*, 851 F. App'x 326, 328 (3d Cir. 2021) (unpublished opinion) (internal quotation marks omitted).
[5] A.R. 81.
[6] 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

requirements to obtain reopening based on ineffective assistance of counsel, as established by the BIA in *Matter of Lozada*.[7]  This petition for review followed.

## II.

We have jurisdiction over Cargoso's petition for review under 8 U.S.C. § 1252(a). We review the BIA's decision to deny a motion to reopen "under a highly deferential abuse of discretion standard."[8]  Accordingly, we will only disturb that decision if it is "arbitrary, irrational, or contrary to law."[9]

## III.

Generally, a motion to reopen must be filed no later than 90 days after the date of the final administrative decision in the proceedings sought to be reopened.[10]  Cargoso presented his motion to reopen about two-and-a-half years after the BIA dismissed his appeal.  Thus, by the plain language of the regulatory bar, Cargoso's motion to reopen is untimely.

However, notwithstanding Cargoso's tardiness, the time limit for filing a motion to reopen may be equitably tolled[11] if Cargoso could establish that: (1) he was prevented from filing by the deadline because of "extraordinary circumstance[s],"[12] such as ineffective assistance of counsel; and (2) he pursued his rights with due diligence during the entire

---

[7] 19 I. & N. Dec. 637 (BIA 1988).
[8] *Alzaarir v. Att'y Gen.*, 639 F.3d 86, 89 (3d Cir. 2011).
[9] *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (internal quotation marks omitted).
[10] 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).
[11] *Borges v. Gonzales*, 402 F.3d 398, 406 (3d Cir. 2005) (holding that equitable tolling applies to the time limit for motions to reopen).
[12] *Id.* at 408.

period for which equitable tolling is sought, including "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."[13]

Here, substantial record evidence supports the BIA's conclusion that Cargoso did not pursue his ineffective-assistance-of-counsel claim with due diligence during the relevant period. In his statement to the BIA, Cargoso acknowledged that he hired his current attorney eight days after his July 2019 merits hearing. He stated that he "stopped working" with his prior counsel because "[he] did not trust [her] to continue with [his] case," and believed that she "failed to properly prepare [him] for trial," "misrepresented [him] in court," "failed to define[] and explain 'Particular Social Group,'" and that "[h]er lack of knowledge and experience resulted in [his] case being denied."[14] Yet Cargoso never justified to the BIA why he waited until June 2022 to seek reopening when he knew about the purported errors of his prior counsel in June 2019.[15] In fact, he did not even argue for equitable tolling of the deadline before the BIA.

On appeal, Cargoso now argues that he exercised due diligence warranting equitable tolling because he "quickly took administrative remedies to appeal the adverse decision and file an ineffective assistance [of] counsel claim with the appropriate authority."[16] But

---

[13] *Alzaarir*, 639 F.3d at 90 (internal quotation marks omitted).

[14] A.R. 109.

[15] *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Mahmood v. Gonzales*, 427 F.3d 248, 252–53 (3d Cir. 2005) (finding "periods of unaccounted-for delay" adding up to less than three years "reveal a lack of diligence").

[16] Pet'r Br. at 6.

he does not identify any record evidence substantiating that claim.  He also argues that he is entitled to equitable tolling because he "was not aware of his potential claim for ineffective assistance of counsel"[17] until we issued our recent decision in *Arckange Saint Ford v. Attorney General*,[18] which he believes "clarified" the standard for raising such a claim "in terms much more understandable and applicable to the facts in [his] case."[19]  "But because [he] failed to raise that issue in his appeal to the Board, we do not have jurisdiction to consider [it]."[20]

Cargoso has not demonstrated that he exercised due diligence in pursuing his ineffective-assistance-of-counsel claim.  Thus, he is not entitled to equitable tolling, and his motion to reopen is time-barred.

## IV.

Even if Cargoso could establish the necessary due diligence to equitably toll the time limit, the BIA did not abuse its discretion by denying the motion to reopen because Cargoso also failed to comply with the procedural requirements for pursuing an ineffective-assistance-of-counsel claim.  In *Lozada*, the BIA held that a motion to reopen based on a

---

[17] *Id*. at 9.

[18] 51 F.4th 90 (3d Cir. 2022).

[19] Pet'r Br. at 10.  In *Saint Ford*, we recited our familiar two-part test for evaluating ineffective-assistance claims: "1) would competent counsel have acted otherwise, and, if so, 2) whether the alien was prejudiced by counsel's performance."  51 F.4th at 95 (citing *Rranci v. Att'y Gen.*, 540 F.3d 165, 175 (3d Cir. 2008)).

[20] *Abdulrahman v. Ashcroft*, 330 F.3d 587, 594 (3d Cir. 2003).  Cargoso did mention *Saint Ford* in his statement to the BIA, but only as support for his *substantive* claim of ineffective assistance of counsel.  He never argued that equitable tolling of the deadline was warranted because of anything we clarified in *Saint Ford*.

claim of ineffective assistance of counsel must satisfy three procedural requirements.[21] Specifically, the allegedly aggrieved person must: (1) provide an affidavit attesting to the relevant facts; (2) inform prior counsel of the allegations and allow him an opportunity to respond; and (3) "if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities," indicate "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."[22]

Cargoso has not attempted to show that he met any of those requirements. Rather, he argues that "the reasoning behind the [*Lozada*] prongs is still satisfied" because "[t]he issue is simple: the attorney incorrectly applied the law in her proffered PSGs."[23] But he provides no authority for the proposition that the perceived simplicity of the alleged ineffectiveness of prior counsel is a valid excuse for not complying with the *Lozada* requirements. This deficiency is particularly salient with respect to the second requirement: notice to prior counsel with an opportunity to respond. Indeed, we have held that substantial compliance with this requirement involves informing prior counsel of the alleged errors and making "the BIA aware of the substance of [prior counsel's] response" in an affidavit by prior counsel, the petitioner, or the petitioner's current counsel.[24] And nothing in the record indicates that Cargoso attempted to inform prior counsel of his claim, let alone afford her an opportunity to respond.

---

[21] 19 I. & N. Dec. 637, 639 (BIA 1988).
[22] *Id*.
[23] Pet'r Br. at 8.
[24] *Rranci*, 540 F.3d at 173.

Because Cargoso has not adequately established that he complied with the procedural requirements for an ineffective-assistance-of-counsel claim as set forth in *Lozada*, the BIA acted within its discretion in denying the motion to reopen, regardless of whether the motion was timely filed.

## V.

For the foregoing reasons, we will deny Cargoso's petition for review.